### ROBBINS v. BEERS et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

MORTGAGE—FORECLOSURE—RIGHTS OF SECOND MORTGAGEE.

> One who purchases property upon foreclosure of a first mortgage, and takes possession of the property and improves it, cannot bring suit against a second mortgagee, who was not a party to the foreclosure suit, to compel him to pay the amount of the first mortgage and the costs of the improvements.

Appeal from special term, Kings county.

Action by Thomas H. Robbins against Edwin Beers, Rufus Ressigue, and Spencer Aldrich. Defendants obtained judgment. Plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

Francis S. Turner, (T. G. Barry, of counsel,) for appellant.
G. G. & F. Reynolds, for respondents.

DYKMAN, J. Spencer Aldrich held a mortgage upon the real property described in the complaint in this action, which was the first lien thereon. Beers and Ressigue held a mortgage upon the same premises, which was a second lien thereon. Aldrich commenced an action to foreclose his mortgage, without making the defendants Beers and Res-

sigue parties thereto. The action proceeded to judgment and sale. Aldrich became the purchaser at the sale, and assigned his bid to the plaintiff in this action, who received the referee's deed, went into possession, and expended over $20,000 in permanent improvements. This action is commenced to compel the defendants Beers and Ressigue to pay the amount of the first mortgage and the money expended by the plaintiff for improvements upon the property. The cause was tried at special term, and decided against the plaintiff, and he has appealed from the judgment entered against him upon such decision.

We are aware of no principle of law which will permit the plaintiff to take the relief he desires in this action. The defendants were not made parties to the foreclosure suit, and they stand with their mortgage as if no such suit had been commenced. They hold a second mortgage upon the premises, with their rights as such holders unimpaired, but certainly no additional burden or obligation was imposed upon them by the foreclosure action. Whatever the rights of the plaintiff may be, they can be asserted and protected in any action the defendants may institute to foreclose their mortgage, but he cannot now compel them to pay him for his mortgage or his improvements. They may or may not foreclose their mortgage. If they do not, they incur no liability; if they do, they can detract nothing from the rights of the plaintiff. They certainly have the right to remain inactive, and that is all they have done so far. The judgment should be affirmed, with costs.